UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00299-MO |
| v. | **INFORMATION** |
| **HYDRO EXTRUSION USA, LLC,** | 42 U.S.C. § 7413(c)(4) |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

FACTUAL AND REGULATORY BACKGROUND

1. **HYDRO EXTRUSION USA, LLC** ("**HYDRO**"), defendant herein, is a Delaware limited liability company having its principal place of business in Rosemont, Illinois; it has had authority to conduct business within the State of Oregon since 2018.

2. **HYDRO** operated a secondary aluminum processing facility in The Dalles, Oregon ("The Dalles Facility") that melted aluminum scrap (generally referred to as "charge") in induction furnaces to produce reusable aluminum generally in the form of logs or billets.

3. The Dalles Facility was subject to National Emissions Standards for Hazardous Air Pollutants for Secondary Aluminum Production (i.e., NESHAP RRR, Title 40, Code of Federal Regulations, Part 63, Subpart RRR) under the Clean Air Act and operated under a Title V air permit issued by the Oregon Department of Environmental Quality (DEQ), under a

program approved by the U.S. Environmental Protection Agency (EPA). Title 42, United States Code, Section 7661 *et. seq*. The induction furnaces at The Dalles Facility were Group 2 furnaces which, pursuant to the NESHAP RRR, Title 40, Code of Federal Regulations, Section 63.1503, and the Title V air permit, were required to melt only "clean charge."

4. Under the Clean Air Act, Title 40, Code of Federal Regulations, Section 63.1503, the term "clean charge" is defined as, *inter alia*, "aluminum scrap known by the owner or operator to be entirely free of paints, coatings, and lubricants."

5. The Group 2 induction furnaces were open to the interior of the building in which they were located and where employees operated the furnaces. Air emissions from those furnaces did not pass through any pollution control devices, and the building vented to the ambient air.

6. From at least July 2018 and continuing through June 2019, The Dalles Facility processed, among other materials, scrap denominated as 1070 aluminum alloy as well as a blend containing 5000 and 6000 (or 5xxx and 6xxx) aluminum alloys. **HYDRO** procured this aluminum alloy scrap, the "Relevant Scrap," from a third-party aluminum recycling company based in West Oakland, California ("Supplier") for amounts totaling at least $466,071 less than equivalent clean scrap would have cost at market prices.

7. Although **HYDRO**'s purchase orders with the Supplier generally specified that the scrap to be received by The Dalles Facility had to be clean charge, a mineral oil-based mixture had been used on some of the Relevant Scrap, rendering it not clean charge. Mineral oil, when combusted in an induction furnace, can create smoke containing 2,3,7,8-Tetrachlorodibenzo-p-dioxin, polycylic organic matter, or both. Each of these substances is

considered a hazardous air pollutant under the Clean Air Act, Title 42, United States Code, Section 7412(b).

8.  From July 2018 through June 2019, The Dalles Facility failed to identify the mineral oil on the Relevant Scrap and repeatedly melted unclean charge in its Group 2 induction furnaces, in violation of its Title V permit. During this time period, employees noticed that the Relevant Scrap was at times causing excessive smoke within The Dalles Facility. Although The Dalles Facility mixed the Relevant Scrap with clean charge, it continued to melt the Relevant Scrap and failed to sufficiently investigate the source of the smoking or determine that the Relevant Scrap was, in fact, unclean. Indeed, even after being told by EPA and DEQ inspectors that the charge they were using was not clean and melting it was in violation of The Dalles Facility's air permit, The Dalles Facility continued to melt the unclean charge.

9.  In failing to identify the Relevant Scrap as being unclean due the mineral oil content and continuing to melt scrap that resulted in excessive smoking at times, The Dalles Facility negligently released a hazardous air pollutant to the ambient air. In so doing, The Dalles Facility negligently placed individuals in imminent danger of death or serious bodily injury at times during the period from July 2018 through June 2019.

**COUNT 1**
**Clean Air Act Negligent Endangerment**
**(42 U.S.C. § 7413(c)(4))**

10. From a date not later than July 2018 through a date in or about June 2019, in the District of Oregon, **HYDRO EXTRUSION USA, LLC**, defendant herein and a person in charge of The Dalles Facility, at times negligently released a hazardous air pollutant, namely 2,3,7,8-

Tetrachlorodibenzo-p-dioxin and polycylic organic matter, into to the ambient air, thereby negligently placing another person in imminent danger of death or serious bodily injury.

All in violation of Title 42, United States Code, Section 7413(c)(4).

Dated: August 23, 2022

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

_____
RYAN W. BOUNDS, OSB #000129
Assistant United States Attorney
KARLA GEBEL PERRIN
Special Assistant United States Attorney